869 P.2d 1200

**In the Matter of a Member of the State Bar of Arizona, Michael V. STUHFF, Respondent.**

**No. SB–94–0025–D.**
**Comm. No. 93–0808.**

Supreme Court of Arizona.

March 15, 1994.

Yigael M. Cohen, Bar Counsel, Phoenix, for the State Bar.

### JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal having been filed before the Court,

IT IS ORDERED, ADJUDGED AND DECREED that **MICHAEL V. STUHFF,** a member of the State Bar of Arizona, is hereby censured for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that pursuant to Rule 52(a)(8), Rules of the Supreme Court of Arizona, the State Bar of Arizona is granted judgment against **MICHAEL V. STUHFF** for costs incurred by the State Bar of Arizona in the amount of $287.60, together with interest at the legal rate from the date of this judgment.

### EXHIBIT A

**BEFORE THE DISCIPLINARY COMMISSION OF THE SUPREME COURT OF ARIZONA**

Comm. No. 93–0808

In the Matter of

MICHAEL V. STUHFF,

a Member of the State

Bar of Arizona,

RESPONDENT.

DISCIPLINARY COMMISSION REPORT

[Filed Jan. 13, 1994.]

This matter came before the Disciplinary Commission of the Supreme Court of Arizona

on November 13, 1993, for determination of whether to impose the same discipline upon the respondent as was imposed by the Supreme Court of Nevada;[1] that is, a public reprimand and fine.

### Decision

A concurrence of the full Commission recommends that the respondent, Michael V. Stuhff ("Stuhff"), receive a sanction equivalent to that imposed by the Nevada Supreme Court; that is, a public censure.[2] The Commission unanimously rejects Stuhff's request to admit additional documents to the record on appeal, as it finds the documents are not relevant to these proceedings.

### Facts

Stuhff is a lawyer who is licensed to practice law in three states. He has been licensed to practice in Utah since 1973, in Arizona since 1975, and in Nevada since 1985.

The Nevada Supreme Court found that in 1988 Stuhff represented a client who was indicted on controlled substance and racketeering charges. During the trial on these charges, Stuhff clashed repeatedly with the judge who was presiding over the trial (the "Judge"). Stuhff believed the Judge exhibited hostility and contempt toward the defense team. The Judge, in turn, found that Stuhff attempted to control the court and refused to abide by the court's rulings.

On December 16, 1988, the jury found Stuhff's client guilty, and sentencing was scheduled for January 26, 1989. The seriousness of the charges made a lengthy prison term probable, especially because the Judge had a reputation of being very tough on drug offenders.

After the verdict was returned, the relationship between Stuhff and his client began to deteriorate, and on January 20, 1989, Stuhff filed a motion to withdraw as his attorney.[3] The Judge scheduled a hearing on that motion for January 31, 1989.

On January 24, 1989, just two days before the scheduled sentencing hearing, Stuhff filed a complaint with the Nevada Commission on Judicial Discipline alleging that the Judge committed misconduct during the trial. The next day, Stuhff personally served the Judge with a copy of the complaint.

On January 26, 1989, the parties met before the Judge for the scheduled sentencing hearing. Rather than sentence the client, however, the Judge heard and granted Stuhff's motion to withdraw, and continued the sentencing until February 14, 1989. The Judge then recused himself from the sentencing hearing, as he believed the allegations of Stuhff's complaint might create the appearance of a lack of impartiality on the Judge's part. The prosecutor considered the Judge's recusal problematic, because a newly-assigned judge would neither understand nor appreciate the complexity of the client's crimes. Nevertheless, the sentencing was turned over to another judge, who sentenced the client to concurrent terms of ten, ten, three, and three years. This was considerably less than the maximum penalty he could have received.

On October 24, 1989, the Judge lodged a complaint against Stuhff with the Southern Nevada Disciplinary Board, and Stuhff was eventually charged with violating SCR 174(3) and SCR 203(4). The disciplinary board subsequently recommended that Stuhff be sus-

---

1. This matter comes before the Commission pursuant to Rule 58, Ariz.R.S.Ct., concerning reciprocal discipline. Rule 58(a) provides that, upon being disciplined in another jurisdiction, a lawyer admitted to practice in Arizona shall immediately notify the State Bar of Arizona of such action. Rule 58(d) provides that a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall conclusively establish the misconduct for the purposes of disciplinary proceedings in this state. Rule 58(c) provides that, unless specific elements exist, as detailed below, the Commission shall impose or recommend identical discipline.

2. Although the Nevada Supreme Court also imposed a $5,000 fine upon Stuhff, the Commission did not consider imposing a fine, as the Arizona Rules of the Supreme Court include no provision for the imposition of a fine as a sanction.

3. The client had already hired additional counsel to assist with his sentencing and appeal.

pended for six months, that he retake the ethics portion of the Nevada Bar Examination, that he make a private apology to the Judge, and that he pay the costs and expenses of the disciplinary proceedings. In its opinion dated August 20, 1992, the Nevada Supreme Court found that Stuhff violated SCR 203(4), and reduced the sanction to a public reprimand and a fine of $5,000.[4]

### Discussion of Decision

This matter came before the Nevada Supreme Court on the disciplinary board's findings of fact, conclusions of law, and recommendation[5] that, among other provisions, Respondent be suspended for six months. Upon careful review of the record, the Court found the board's findings of fact to be supported by full, clear, and convincing evidence. The Court agreed with the board's conclusion of law that Stuhff's conduct was prejudicial to the administration of justice, in violation of SCR 203(4), but agreed with Stuhff that SCR 174(3), concerning conduct intended to disrupt a tribunal, was not applicable to the facts in the matter. The Court also found that Stuhff's conduct violated rules 5, 6, and 14 of the rules on judicial discipline, concerning the confidentiality of judicial disciplinary proceedings. However, the Court determined the conduct warranted only a public reprimand and a fine.

This matter is directly before the Commission pursuant to Rule 58 dealing with reciprocal discipline. Rule 58(c) provides in part:

The commission shall impose or recommend the identical discipline, unless bar counsel or respondent demonstrates or the commission finds that upon the face of the record from which the discipline is predicated, it clearly appears that:

1. The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

2. There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the commission could not, consistent with its duty, accept as final the other jurisdiction's conclusion on that subject; or

3. The imposition of the same discipline would result in grave injustice; or

4. The misconduct established warrants substantially different discipline in this state.

In its consideration of this matter, the Commission reviewed the opinion issued by the Supreme Court of Nevada and Stuhff's Response and Request for Oral Argument submitted in this matter.

In determining whether the misconduct established warrants substantially different discipline, the Commission considered the American Bar Association's *Standards for Imposing Lawyer Sanctions*. These Standards are used by the Court in considering the appropriate sanction for a violation of the Rules of Professional Conduct. *In re Morris*, 164 Ariz. 391, 793 P.2d 544 (1990). The Commission is guided by the Standards, as well.

Standard 6.0 concerns violations of duties owed to the legal system. One of those is the duty to abide by the legal rules of substance and procedure which affect the administration of justice. Standard 6.33 provides for reprimand (censure in Arizona) when a lawyer is negligent in determining whether it is proper to engage in communication with an individual in the legal system, and causes interference or potential interference with the outcome of the legal proceeding. Stuhff personally served a copy of his complaint upon the Judge, which was forbidden by the rules and was obviously potentially disruptive, given that Stuhff was still handling the case over which the Judge was presiding. Application of the Standards, then, indicates that the misconduct warrants a censure.

---

4. Stuhff never paid the fine. After some investigation, the disciplinary board found that Stuhff failed to show cause for his failure to pay the fine, and asked the Nevada Supreme Court to determine the appropriate discipline. At the time this matter came before this Commission, however, there was no information on whether the Supreme Court had imposed any discipline for his failure to pay the fine.

5. This recommendation was issued following a hearing held before a five-member panel of the board.

**550**

In his Response, Stuhff claims that the imposition of the same discipline would result in a grave injustice. He also claims that the procedure employed by the State of Nevada does not comply with otherwise accepted standards of due process. Finally, Stuhff argues that the discipline imposed in Nevada presents a political question concerning the extent of protection necessary and appropriate to safeguard the right of individuals, including attorneys, to criticize government officials and to seek redress of grievances through governmental agencies. He states that the disciplinary actions instituted against him were part of a campaign to harass and intimidate him.

The Commission finds no evidence to support Stuhff's claims. A review of the opinion of the Nevada Supreme Court makes it clear that the facts are not in dispute in the matter. Stuhff admits that he filed the complaint and personally served a copy of his complaint upon the Judge, an action specifically prohibited by the rules. Regardless of his intentions in serving the complaint upon the Judge,[6] the fact is that he breached one of the procedural rules concerning the confidentiality of judicial disciplinary proceedings. The Commission finds no evidence in the record on appeal of any injustice or lack of due process in Nevada's handling of the disciplinary matter. Further, this lack of evidence in support of Stuhff's contentions leads the Commission to conclude that this is not the proper forum to address Stuhff's concerns over the political climate of the state of Nevada.

The Commission is limited to addressing this matter only within the boundaries provided by Rule 58(c). In light of Stuhff's admission that he filed the complaint and served it upon the Judge, the fact that the Court imposed a sanction less severe than that recommended by the disciplinary board, the Commission's interpretation of the Standards as deeming censure appropriate, and the lack of evidence supporting Stuhff's contentions, the Commission does not believe that the imposition of a censure in this in-

stance would be a grave injustice; on the contrary, it believes a censure is appropriate.

The Commission finds that none of the factors required by Rule 58(c) for the imposition of a different sanction have been established. Therefore, the Commission recommends that Respondent receive the equivalent discipline of a public censure.

RESPECTFULLY SUBMITTED this 13th day of January, 1994.

/s/ Steven L. Bosse
Steven L. Bosse, Chairman
Disciplinary Commission

---

6. Stuhff has stated that he served the Judge with a copy of the complaint out of a "moral obli-

gation and professional courtesy." The Nevada Supreme Court was not persuaded, however.